IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GENE KELLY and ALFRED JOHNSON | : | CIVIL ACTION |
| | : | |
| v. | : | No.    02-CV-3846 |
| | : | |
| MARCELLUS ROBINSON, JOHN THOMPSON, | : | |
| and CITY OF PHILADELPHIA | : | |

**ANSWER OF DEFENDANT JOHN THOMPSON
TO PLAINTIFFS' COMPLAINT, WITH AFFIRMATIVE DEFENSES**

Defendant John Thompson, by and through his undersigned counsel, hereby answers the allegations of plaintiffs' complaint, and states his affirmative defenses, as follows:

1. Denied. Paragraph 1 contains conclusions of law, which do not require a responsive pleading under the Federal Rules of Civil Procedure, and therefore defendant denies.

2. Denied. After reasonable investigation answering defendant lacks knowledge or information sufficient to form a belief as to the truth of these averments.

3. Denied. After reasonable investigation answering defendant lacks knowledge or information sufficient to form a belief as to the truth of these averments.

4. Paragraph 4 is addressed to a party other than the answering defendant, and therefore no responsive pleading is required by the answering defendant.

5. Admitted in part. It is admitted that defendant Robinson was employed as a police officer by the City of Philadelphia. It is also admitted that defendant Robinson was assigned to the 25th Police District in the City of Philadelphia. The remaining averments in paragraph 5 are conclusions of law to which no responsive pleading is required.

6. Admitted in part. It is admitted that answering defendant was employed as a police officer by the City of Philadelphia. It is further admitted that answering defendant was assigned to the 25th Police District in the City of Philadelphia. The remaining averments set forth in paragraph 6 are conclusions of law to which no responsive pleading is required.

7. Admitted.

8. In lieu of an answer to the factual averments set forth in paragraph 8 of the complaint, answering defendant asserts his privilege against self-incrimination secured under the Fifth Amendment to the United States Constitution.

9. In lieu of an answer to the factual averments set forth in paragraph 9 of the complaint, answering defendant asserts his privilege against self-incrimination secured under the Fifth Amendment to the United States Constitution.

10. In lieu of an answer to the factual averments set forth in paragraph 10 of the complaint, answering defendant asserts his privilege against self-incrimination secured under the Fifth Amendment to the United States Constitution.

11. In lieu of an answer to the factual averments set forth in paragraph 11 of the complaint, answering defendant asserts his privilege against self-incrimination secured under the Fifth Amendment to the United States Constitution.

12. In lieu of an answer to the factual averments set forth in paragraph 12 of the complaint, answering defendant asserts his privilege against self-incrimination secured under the Fifth Amendment to the United States Constitution.

13. In lieu of an answer to the factual averments set forth in paragraph 13 of the complaint, answering defendant asserts his privilege against self-incrimination secured under the Fifth Amendment to the United States Constitution.

14. Paragraph 14 is directed to a party other than answering defendant. Therefore answering defendant neither admits nor denies this averment.

15. Denied as stated. Answering defendant admits, upon information and belief, only that the Commonwealth discharged the charges pending against Angel Rodriguez at CP00030413.

16. The averments set forth in paragraph 16 are directed to a party other than answering defendant. Accordingly, answering defendant neither admits nor denies.

17. Paragraph 17 consists of conclusions of law to which no responsive pleading is required, and therefore answering defendant denies.

18. Paragraph 18 consists of conclusions of law to which no responsive pleading is required, and therefore answering defendant denies.

19. Admitted in part. Answering defendant admits only that on or about November 17, 2000, the plaintiffs were sentenced to serve custodial sentences. Any characterization or description of the involved prosecution is neither admitted nor denied. In lieu of such responsive pleading, answering defendant asserts his privilege against self-incrimination secured under the Fifth Amendment to the United States Constitution.

20. In lieu of an answer to the factual averments set forth in paragraph 20 of the complaint, answering defendant asserts his privilege against self-incrimination secured under the Fifth Amendment to the United States Constitution.

21. In lieu of an answer to the factual averments set forth in paragraph 21 of the complaint, answering defendant asserts his privilege against self-incrimination secured under the Fifth Amendment to the United States Constitution.

22. Admitted, upon information and belief.

23. Denied. After reasonable investigation answering defendant lacks knowledge or information sufficient to form a belief as to the truth of these averments.

24. Paragraph 24 consists of conclusions of law to which no responsive pleading is required. Therefore answering defendant denies.

25. Paragraph 25 consists of conclusions of law to which no responsive pleading is required. Therefore answering defendant denies.

## COUNT ONE

26. Answering defendant incorporates herein by reference the foregoing responses to paragraphs 1 through 25 of the complaint as if set forth herein at length.

27. Paragraph 27 consists of conclusions of law to which no responsive pleading is required. Therefore, answering defendant denies.

28. Paragraph 28 consists of conclusions of law to which no responsive pleading is required. Therefore, answering defendant denies.

## COUNT TWO

29. Answering defendant incorporates herein by reference the foregoing responses to paragraphs 1 through 28 of the complaint as if set forth herein at length.

30. In lieu of an answer to the factual averments set forth in paragraph 30 of the complaint, answering defendant asserts his privilege against self-incrimination secured under the Fifth Amendment to the United States Constitution. To the extent that this paragraph avers conclusions of law, no responsive pleading is required. Therefore, answering defendant denies.

31. In lieu of an answer to the factual averments set forth in paragraph 31 of the complaint, answering defendant asserts his privilege against self-incrimination secured under the Fifth Amendment to the United States Constitution. To the extent that this paragraph avers conclusions of law, no responsive pleading is required. Therefore, answering defendant denies.

32. In lieu of an answer to the factual averments set forth in paragraph 32 of the complaint, answering defendant asserts his privilege against self-incrimination secured under the Fifth Amendment to the United States Constitution. To the extent that this paragraph avers conclusions of law, no responsive pleading is required. Therefore, answering defendant denies.

33. In lieu of an answer to the factual averments set forth in paragraph 33 of the complaint, answering defendant asserts his privilege against self-incrimination secured under the Fifth Amendment to the United States Constitution. To the extent that this paragraph avers conclusions of law, no responsive pleading is required. Therefore, answering defendant denies.

## COUNT THREE

34. Answering defendant incorporates herein by reference the foregoing responses to paragraphs 1 through 33 of the complaint as if set forth herein at length.

35. Paragraph 35 consists of conclusions of law to which no responsive pleading is required. Therefore, answering defendant denies.

36. Paragraph 36 consists of conclusions of law to which no responsive pleading is required. Therefore, answering defendant denies.

## COUNT FOUR

37. Answering defendant incorporates herein by reference the foregoing responses to paragraphs 1 through 36 of the complaint as if set forth herein at length.

38-41. Paragraphs 38-41 consist of conclusions of law to which no responsive pleading is required. Therefore, answering defendant denies.

## COUNT FIVE

42. Answering defendant incorporates herein by reference the foregoing responses to paragraphs 1 through 41 of the complaint as if set forth herein at length.

43. In lieu of an answer to the factual averments set forth in paragraph 43 of the complaint, answering defendant asserts his privilege against self-incrimination secured under the Fifth Amendment to the United States Constitution. To the extent that this paragraph avers conclusions of law, no responsive pleading is required. Therefore, answering defendant denies.

44. Paragraph 44 consists of conclusions of law to which no responsive pleading is required. Therefore, answering defendant denies.

### COUNT SIX

45. Answering defendant incorporates herein by reference the foregoing responses to paragraphs 1 through 44 of the complaint as if set forth herein at length.

46. The averments in paragraph 46 are directed to a party other than answering defendant. Accordingly, answering defendant neither admits nor denies.

47. The averments in paragraph 47 are directed to a party other than answering defendant. Accordingly, answering defendant neither admits nor denies.

48. The averments in paragraph 48 are directed to a party other than answering defendant. Accordingly, answering defendant neither admits nor denies.

49. The averments in paragraph 49 are directed to a party other than answering defendant. Accordingly, answering defendant neither admits nor denies.

50. In lieu of an answer to the factual averments set forth in paragraph 50 of the complaint, answering defendant asserts his privilege against self-incrimination secured under the Fifth Amendment to the United States Constitution.

51. The averments in paragraph 51 are directed to a party other than answering defendant. Accordingly, answering defendant neither admits nor denies.

### COUNT NINETEEN [sic]

52. Answering defendant incorporates herein by reference the foregoing responses to paragraphs 1 through 51 of the complaint as if set forth herein at length.

53. The averments in paragraph 53 are directed to a party other than answering defendant. Accordingly, answering defendant neither admits nor denies.

54. Answering defendant incorporates herein by reference the foregoing answers to paragraphs 1 through 53 of the complaint as if set forth at length.

WHEREFORE, defendant John Thompson seeks judgment in his favor and against plaintiffs Gene Kelly and Alfred Johnson, together with the cost of defense and such other and further relief as the court may deem just and equitable.

### FIRST AFFIRMATIVE DEFENSE

Answering defendant asserts all of the defenses, immunities, and limitations of damages available to him under the Political Subdivision Tort Claims Act, and avers that the plaintiffs' remedies are limited exclusively thereto. Act of Oct. 5, 1980 No. 142, P.L. 693, 42 Pa. C.S.A. §8541 et seq.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' complaint fails to state a claim upon which the relief sought can be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs, and each of them, have failed to mitigate their damages, if any.

### FOURTH AFFIRMATIVE DEFENSE

Answering defendant is presently, or may in the future, be entitled to immunity for testimony given during criminal proceedings.

### FIFTH AFFIRMATIVE DEFENSE

The acts and/or omissions of the plaintiffs, and each of them, caused or contributed to the losses, damages, and harm alleged in the complaint, if any.

WHEREFORE, defendant John Thompson seeks judgment in his favor and against plaintiffs Gene Kelly and Alfred Johnson, together with the cost of defense and such other and further relief as the court may deem just and equitable.

SILVERMAN BERNHEIM & VOGEL

BY:_____
Jonathan S. Ziss, Esquire
Attorney for Defendant John Thompson
Identification No. 42437
Two Penn Center Plaza, Suite 910
Philadelphia, PA 19102
(215)636-3962

Dated:_____

**CERTIFICATE OF SERVICE**

Jonathan S. Ziss, Esquire hereby certifies that a true and correct copy of Answer of Defendant John Thompson to Plaintiffs' Complaint, with Affirmative Defenses was served by United States first class mail, postage prepaid on September 27, 2002 to the counsel below named:

Lawrence Krasner, Esquire
L. Felipe Restrepo, Esquire
239 South Camac Street
Philadelphia, PA  19107
*Attorney for Plaintiffs*

James M. Duckworth, Esquire
City of Philadelphia
Law Department - Civil Rights Unit
One Parkway, 1515 Arch Street
Philadelphia, PA 19102-1595
*Attorney for Defendant City of Philadelphia*

SILVERMAN BERNHEIM & VOGEL

BY:_____
Jonathan S. Ziss, Esquire